No. 23-50755

**In the United States Court of Appeals
for the Fifth Circuit**

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

EDDIE LAMONT BELL,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Texas

**APPELLANT'S RESPONSE TO APPELLEE'S PETITION FOR REHEAING**

SHANE O'NEAL
O'NEAL LAW
101 E. Avenue B
Alpine, Texas 79830
(713) 51603595
shane@shaneoneallaw.com

*Attorney for Defendant-Appellant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................... ii

INTRODUCTION ........................................................................ 1

ARGUMENT AND AUTHORITIES ............................................. 3

    I. The Court appropriately found that the evidence before the district court showed that Bell accepted responsibility ....... 3

    *A. The government agrees with the Court about the facts of what occurred between Bell and his roommate.* .......................... 3

    *B. The government agrees with the Court that the district court's determination of acceptance of responsibility normally receives particularly deferential review.* ...................... 5

    *C. Failure to withdraw from or de-escalate a fight with an inmate is not the sort of conduct that outweighs a guilty plea in determining whether a defendant has accepted responsibility.* ................................................................................. 6

CONCLUSION .......................................................................... 10

CERTIFICATE OF SERVICE ...................................................... 12

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT ......................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Scott v. Harris,*
  550 U.S. 372 (2007) ................................................................. 5

*Tucker v. City of Shreveport,*
  998 F.3d 165 (5th Cir. 2021) ................................................... 5

*United States v. Bell,*
  125 F.4th 662 (5th Cir. 2024) ......................................... passim

*United States v. Brewer,*
  344 F. App'x 947 (5th Cir. Sept. 21, 2009) ............................. 8

*United States v. Cooper,*
  998 F.3d 806 (8th Cir. 2021) ................................................... 8

*United States v. Phillips,*
  2024 WL 323498 (5th Cir. Jan. 29, 2024) .............................. 9

*United States v. Santiago,*
  96 F.4th 834 (5th Cir. 2024) ................................................... 9

*United States v. Wright,*
  57 F.4th 524 (5th Cir. 2023) ................................................... 5

**Statutes**

18 U.S.C. § 922(g)(1) .................................................................. 1

**Rules**

Fed. R. App. P. 32(a)(5) ............................................................ 13

Fed. R. App. P. 32(a)(6) ............................................................ 13

Fed. R. App. P. 32(f) ................................................................. 13

Fed. R. App. P. 40(d)(3)(A) ...................................................... 13

**United States Sentencing Guidelines**

U.S.S.G. § 3E1.1 cmt. 1(B) ........................................................9, 10

U.S.S.G. § 3E1.1 cmt. 3 ..............................................................6, 8

# INTRODUCTION

The government urges this Court to reconsider its decision finding that the district court clearly erred in denying Bell credit for accepting responsibility.

Bell pleaded guilty; he admitted that he possessed a firearm after having received a felony conviction, in violation of 18 U.S.C. § 922(g)(1). Bell did not exercise his Sixth Amendment right to a jury trial. Instead, he accepted responsibility for what he had done.

In exchange for accepting responsibility for his actions—saving the government the burden of proving his guilt beyond a reasonable doubt at trial, Bell received nothing. The district court calculated his Guideline range, without a reduction for acceptance of responsibility, and imposed a sentence at the top of that range—115 months' imprisonment. ROA.150. Normally, Bell would have received a three-level reduction for acceptance of responsibility, decreasing the top of his Guideline range to 87 months.

In explaining why Bell should not receive a reduction, the district court did not conclude that he had committed a crime or broken a rule of the facility where he was detained pretrial. Instead, it described Bell's conduct as "[f]ighting while incarcerated," ROA.145, and "d[oing] nothing to de-escalate the situation or retreat from the

1

altercation." ROA.177. In effect, Bell received a 28 month increase in his sentence for failing to de-escalate a fight in a locked cell.

Accordingly, this Court appropriately concluded—after it reviewed video of the altercation and the district court's findings—that the "altercation," in which Bell could "hardly be described as an 'aggressor,'" "d[id] not negate th[e] significant evidence" of his acceptance of responsibility provided by his timely guilty plea. *United States v. Bell*, 125 F.4th 662, 666 (5th Cir. 2024) .

The government petitions the Court for a rehearing because the Court did not defer sufficiently to the district court. But, the government does not identify a single finding in the Court's opinion with which it disagrees—other than the conclusion that Bell should have received credit for accepting responsibility. The Court should deny the government's petition for rehearing not only because the Court's opinion correctly applies the law to the undisputed facts but also because the limited, fact bound holding of the opinion does not warrant further expenditure of the Court's resources.

# ARGUMENT AND AUTHORITIES

## I. The Court appropriately found that the evidence before the district court showed that Bell accepted responsibility.

The Court reviewed the video, the district court's findings, and the law on when a criminal defendant should receive credit for acceptance of responsibility; it appropriately concluded that Bell should have received that credit.

*A. The government agrees with the Court about the facts of what occurred between Bell and his roommate.*

The government agrees that this interaction started innocuously. "Bell g[ot] out of his bunk and w[oke] a snoring roommate. After a brief interaction . . . , Bell walked back toward his bunk and started to lie down." Petition at 3; *Bell*, 125 F.4th at 666 ("As the video shows, Bell asked Brito to stop snoring and then returned to his bunk, revealing that Bell harbored no violent intentions."). "However, something caused Bell to stand up from his bunk, walk to the center of the room and further engage with Brito who then exited his bunk." Petition at 3; *Bell,* 125 F.4th at 666 ("Brito[, the roommate,] then arose, spoke across the cell to Bell, and descended from his bunk, advancing towards Bell.")

The government also agrees that the interaction became violent when Brito, Bell's roommate, assaulted Bell. "Brito then

3

punched Bell in the face." Petition at 3; *Bell,* 125 F.4th at 666 ("Brito later punched Bell in the face, escalating the encounter."). The government also agrees that Bell was hit twice before exhibiting any violence. "Bell grabbed a broom and continued to speak to Brito, and Brito then struck Bell's head with a water cooler." Petition at 3; *Bell*, 125 F.4th at 666 ("After Bell grabbed a broom, Brito hit Bell in the head with a water cooler.").

And, the government agrees that Bell finally attempted to hit Brito once as the altercation was ending. "Bell punched Brito once in the seconds before detention officers arrived and ended the fight." Petition at 3; *Bell,* 125 F.4th at 666 ("Bell struck at Brito only once, during the final seconds of the encounter before detention officers ended the altercation.").[1]

---

[1] There may be a minor difference here about which the Court has the more accurate view. A close viewing of the video shows that Bell attempted to strike Brito but was unsuccessful and contacted Brito's face as he was trying to stand up again. (Gov't Ex. 1 at 2:40-2:43).

*B. The government agrees with the Court that the district court's determination of acceptance of responsibility normally receives particularly deferential review.*

The government urges that the district court's denial of acceptance of responsibility is a fact finding reviewed for clear error and is reversed "only when, based on the entire evidence, the reviewing court is left with the definite and firm conviction that a mistake is made." Petition at 4. The Court found that the same standard applied. *Bell*, 125 F.4th at 665.

The government repeatedly urges a reviewing court's obligation on clear error review to defer to permissible constructions of the evidence. Petition at 4-5. First, the government's argument ignores that when a district court's factual findings are based not on witness testimony but facts captured entirely on video, this Court "must view the facts in the light depicted by the videotape." *United States v. Wright*, 57 F.4th 524, 530 (5th Cir. 2023) (quoting *Scott v. Harris*, 550 U.S. 372, 380-81 (2007)); *see also Tucker v. City of Shreveport*, 998 F.3d 165, 170 (5th Cir. 2021) (holding that this Court should not defer to factual findings over its viewing of facts depicted by videotape)). Second, as set out in the previous section, the government and the Court agree about the facts depicted on the videotape. The government's only quibble is with

5

whether Bell or the roommate should be characterized as "the aggressor." Petition at 5. The government does not explain (1) why certain, nonviolent actions that lead another person to hit the actor makes the actor an "aggressor" or (2) why being an "aggressor" in that way evinces a failure to withdraw from criminal conduct.

C. *Failure to withdraw from or de-escalate a fight with an inmate is not the sort of conduct that outweighs a guilty plea in determining whether a defendant has accepted responsibility.*

Bell took two concrete steps to accept responsibility in this case. He pleaded guilty and, as part of that plea, signed and agreed to the facts that constituted this offense. ROA.198-201, ROA.127-132. Then, when Bell was interviewed by a probation officer, after his guilty plea, he admitted involvement in the offense and accepted responsibility for his actions. ROA.159.

The government agrees that entering a guilty plea "will constitute significant evidence of acceptance of responsibility." Petition at 5-6 (citing U.S.S.G. § 3E1.1 cmt. 3); *Bell*, 125 F.4th at 665 (same). And, as urged by the government, the Court recognized that a guilty plea and truthful admission of conduct may be "outweighed by conduct of the defendant that is inconsistent with such acceptance," like failure to "withdraw[ ] from criminal conduct." *Id*; Petition at 6.

6

According to the government, the Court erred by failing to credit the district court's finding that a person does not withdraw from criminal conduct when he fails to show "a reluctance to participate in [a] fight, [or] disengage" from one. Petition at 6. First, as set out clearly by the Court, Bell's act of gently waking his roommate and then returning to his bunk evinces that he was not looking for a fight. *Bell*, 125 F.4th at 666. Second, the government ignores, as the district court did below, the wide gulf between failure to de-escalate an altercation and engaging in criminal conduct.

The district court did not find that Bell had committed a crime or violated a rule of the pretrial detention facility. As the Court noted, acceptance credit is normally denied to pretrial detainees who plead guilty *only* when there is evidence that they have committed a separate crime while detained—like "'assaults' and other violent criminal conduct." *Bell*, 125 F.4th at 666 (collecting cases). The government's petition does not claim Bell committed an assault. Nor does the government cite to a case where a person lost credit for acceptance of responsibility because he failed to de-escalate a confrontation.

Instead, the government points to this Court's unpublished opinion that a pretrial detainee's "use of a cell phone in violation of jail rules" can justify denial of acceptance of responsibility. *United States v. Brewer*, 344 F. App'x 947, 947 (5th Cir. Sept. 21, 2009). Here, the record indicated that "Bell was never disciplined by prison authorities or criminally charged" for the confrontation with his roommate. *Bell*, 125 F.4th at 666. But, more important, when weighing the sacrifice made by a defendant when he decides to plead guilty—the relinquishment of a constitutional right—against minor, undesirable conduct, this Court correctly recognized that district courts should "consider the 'seriousness' of the defendant's wrongful conduct." *Bell*, 125 F.4th at 666. That "weighing" is required by the plain text of the Guidelines commentary, U.S.S.G. § 3E1.1 cmt. 3, as has been recognized by other courts. *See United States v. Cooper*, 998 F.3d 806, 812 (8th Cir. 2021) (Kelly, J., concurring) ("Not every incident of wrongful conduct . . . is a reflection of an individual's failure to demonstrate acceptance of responsibility as that term is defined in § 3E1.1); *see also id.*, at 812-13 (collecting cases where courts awarded acceptance of responsibility despite imperfect behavior).

Finally, the government correctly does not contend that this case is analogous to the Court's unpublished decision in *United States v. Phillips*, 2024 WL 323498 (5th Cir. Jan. 29, 2024). This case is critically distinct because, here, Bell did not "instigate" a confrontation and nothing in the record showed that he "actively encouraged the other inmate" towards physical violence. *Id.* at *4. But, even if he did, this Court should not follow *Phillips*'s reasoning and, instead, require that district courts, in denying acceptance of responsibility, make concrete, reviewable findings about whether and how a defendant committed a crime instead of merely deferring to a finding that he "failed to withdraw from criminal activity." U.S.S.G. § 3E1.1 cmt. 1(B).

If, in the district court, the government, probation officer, or the court itself had alleged that Bell had committed an assault, it would have triggered an argument or analysis about whether Bell acted in self-defense, a consideration that this Court has required district courts to engage in before concluding that a person committed a crime because self-defense "negates the elements of criminal behavior." *United States v. Santiago*, 96 F.4th 834, 849-50 (5th Cir. 2024). Prior to the entry of officers into the cell, Bell was locked in a room with an inmate who had punched him twice and

9

a roomful of others of unknown allegiance. The district court did not find that Bell assaulted his roommate. But, if it had, it should have then recognized that whatever actions he took were to defend himself against the roommate and concluded, therefore, that Bell did not engage in "criminal activity." U.S.S.G. § 3E1.1 cmt. 1(B).

Bell accepted responsibility by pleading guilty and admitting to the facts of his offense. The government was displeased with his actions during a shorter than three-minute interaction with a fellow inmate, in which Bell did not initiate physical violence and for which Bell was not charged with a crime or otherwise disciplined. None of Bell's behaviors during those three minutes justified denying him credit for accepting responsibility for this case, increasing his sentence by 28 months.

## CONCLUSION

The Court should deny the government's petition not only because the Court's opinion accurately applies the law to the undisputed facts, but also because of the highly fact-bound nature of the analysis in this case. The Court's opinion can hardly be said to break with prior precedent or decide controversially a novel legal issue. The opposite. The Court carefully distinguished previous, unpublished cases dealing with actual assaults, *Bell*, 125 F.4th at

666, and concluded only on of the facts of this case, as shown by the videotape evidence of the altercation, that the district clearly erred in finding that Bell's response to his roommate's aggression outweighed his guilty plea in determining whether he had accepted responsibility. This case does not merit further expenditure of the Court's resources.

For those reasons, the Court should deny the government's petition for rehearing.

    Respectfully submitted.

    s/ Shane O'Neal
    SHANE O'NEAL
    O'NEAL LAW
    101 E. Avenue B
    Alpine, Texas 79830
    (713) 516-3505
    shane@shaneoneallaw.com

    *Attorney for Defendant-Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2025, I electronically filed the Brief of Defendant-Appellant with the Clerk of Court using the CM/ECF system which will send notification of the filing to Jaime Esparza, U.S. Attorney for the Western District of Texas (Attn: Assistant U.S. Attorney Joe Gay), by electronic mail.

s/ Shane O'Neal
SHANE O'NEAL
*Attorney for Defendant-Appellant*

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

1. This document complies with the word limit of Fed. R. App. P. 40(d)(3)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,102 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Century Schoolbook in body text and 13-point in footnotes.

s/ Shane O'Neal
SHANE O'NEAL
*Attorney for Defendant-Appellant*
Dated: January 31, 2025
