# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 28, 2025

Lyle W. Cayce
Clerk

No. 23-50755

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

EDDIE LAMONT BELL,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-85-1

## ORDER ON REHEARING EN BANC

Before ELROD, *Chief Judge*, and DENNIS and HIGGINSON, *Circuit Judges*.

PER CURIAM:

The court having been polled at the request of one of its members, and a majority of the judges who are in regular active service and not disqualified not having voted in favor, on the Court's own motion, rehearing *en banc* is DENIED.

In the *en banc* poll, five judges voted in favor of rehearing (Judges Jones, Smith, Duncan, Engelhardt, and Oldham), and twelve judges voted

against rehearing (Chief Judge Elrod and Judges Stewart, Richman, Southwick, Haynes, Graves, Higginson, Willett, Ho, Wilson, Douglas, and Ramirez).

James C. Ho, *Circuit Judge*, concurring in denial of rehearing en banc:

No one in this case petitioned for rehearing en banc. Even so, I'm grateful to my colleagues for flagging it for our court's attention. It's a testament to the dedication of the members of our court that, on top of all of our regular work, they spend extra time and energy developing cases for possible en banc review—even when "the losing side" has not done so.

\* \* \*

Our court's internal operating procedures expressly permit rehearing en banc "whether or not a party filed a petition." 5th Cir. R. 40 I.O.P. Our procedures even observe that we "frequently" grant en banc at the request of "a judge of the court rather than a petition by the parties." *Id. See also Neese v. Becerra*, 127 F.4th 601, 603 n.1 (5th Cir. 2024) (Ho, J., dissenting from denial of rehearing en banc). Accordingly, members of our court have repeatedly supported en banc *sua sponte. See, e.g., Book People, Inc. v. Wong*, 98 F.4th 657, 659 (5th Cir. 2024) (eight votes for en banc despite absence of petition); *Doe v. Snap, Inc.*, 88 F.4th 1069, 1069 (5th Cir. 2023) (seven); *United States v. Ramirez*, 82 F.4th 384, 384 (5th Cir. 2023) (seven).

Despite all of this, it may be tempting at times to question an en banc poll where "the losing side chose not to seek en banc rehearing" (as was said in *Neese*). But such statements could be construed by some litigants as suggesting a new unwritten court practice or principle. *See, e.g., Silverthorne Seismic v. Sterling Seismic Srvs.*, 125 F.4th 593, 598 & n.5 (5th Cir. 2025) (discussing practice of dismissing discretionary appeals as improvidently granted). They could be read as adopting a presumption of forfeiture for en banc polls—that if the parties don't ask for en banc, then a judge shouldn't, either. And if so, then we should be principled about it. We should apply the rule no matter whose ox is gored—whether it's the government (as in this case) or a citizen aggrieved by the government (as in *Neese*).

It's against this backdrop that I wish to applaud my colleagues for reaffirming that judges may call for en banc whether the parties ask for it or not. They're right to do so, because en banc exists, not to benefit the parties, but to further the rule of law. En banc exists, not because judges are perfect, but because we're flawed. We all make mistakes. So there should be "nothing untoward about reconsidering a previous decision of our circuit." *Planned Parenthood of Greater Tex. v. Kauffman*, 981 F.3d 347, 384 (5th Cir. 2020) (Ho, J., concurring). To be sure, people "do react in different ways when others disagree with them. One option is to be offended. But another is to be thankful. . . . Thankful that our Constitution not only tolerates disagreement, but celebrates it . . . . Thankful that our legal system affords us the opportunity to make course corrections, because we all agree that it is more important to get the law right than to guard our self-esteem." *Id.*

And it's precisely because we're flawed that we should apply the same principles no matter how popular (or not) the call for en banc. It was said in *Neese* that "[t]he poll failed 16–1." That vote might be a nightmare for those who fear being an outsider. *Cf.* C.S. Lewis, *The Inner Ring* (1944), *available at* https://www.lewissociety.org/innerring/. But judges swear an oath to uphold the law, without fear or favor. A call for en banc can be unpopular yet principled. *Cf., e.g., Coral Ridge Ministries v. So. Poverty Law Ctr.*, _ U.S. _ (2022) (Thomas, J., solo dissent from denial of certiorari); *Ben-Levi v. Brown*, 577 U.S. 1169 (2016) (Alito, J., solo dissent from denial of certiorari).

\* \* \*

I'm not sure I agree with the panel decision. I'm also not sure it warrants en banc—especially compared to other recent cases where our court also denied en banc. But I'm grateful to my colleagues for their effort.